IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD A. SHERLE, | ) | Case No. 3:21-cv-140 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES, and KIP CHERRY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pro se Plaintiff Todd A. Sherle ("Sherle") asserts Section 1983 claims against Defendants Pennsylvania Department of Human Services ("the DHS") and the DHS caseworker Kip Cherry ("Cherry") (collectively "Defendants") for allegedly violating his Fourteenth Amendment due process rights in the course of a child-abuse investigation.

Pending before the Court is the DHS's Motion for Judgment on the Pleadings. (ECF No. 7). The DHS argues that it is immune from this lawsuit pursuant to the Eleventh Amendment of the United States Constitution, and it asks for judgment in its favor on that ground. (*See* ECF No 7). The Motion is fully briefed (ECF Nos. 8, 11) and ripe for disposition. For the following reasons, the Court **GRANTS** the motion.

### I.  Background

Because the DHS' Motion implicates the narrow question of whether it is entitled to assert Eleventh Amendment sovereign immunity in this case, the Court need not offer an extensive factual background.

In short, Sherle alleges that the DHS—and specifically Cherry—acted inappropriately during a Children and Youth Services ("CYS") investigation into child abuse allegations against Sherle. (ECF No. 1 at 6–7). Sherle asserts that, because of the DHS and Cherry's misconduct, he did not see his children for approximately twenty-one days while the CYS investigation took place. (*Id.*). Sherle states that the CYS investigation resulted in a finding that the allegations against him were unfounded. (*Id.*).

On August 16, 2021, Sherle filed a Complaint against the DHS and Cherry, asserting Section 1983 claims for alleged violations of Sherle's rights under the Fourteenth Amendment of the United States Constitution. (*Id.* at 1–3). On October 7, 2021, the DHS and Cherry filed an Answer to Sherle's Complaint. (ECF No. 6).

Also on October 7, 2021, the DHS filed a Motion for Judgment on the Pleadings and a Brief in Support. (ECF Nos. 7, 8). The DHS moves "for judgment on the pleadings because it has immunity from the instant suit under the Eleventh Amendment of the United States Constitution." (ECF No. 7 at 1). The DHS therefore "requests that [its] motion be granted and that judgment be entered in its favor on all claims against [it] and that [it] be terminated from this action." (*Id.* at 1–2).

On December 23, 2021, Sherle filed a document entitled "Answers to Demand[,]" which is docketed as his Response in Opposition to the DHS' Motion for Judgment on the Pleadings. (ECF No. 11).

## II. Legal Standard

### A. Judgment on the Pleadings

Motions for judgment on the pleadings are governed by Rule 12(c) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(c). A motion of this kind "is analyzed under the same standards that apply to a Rule 12(b)(6) motion[,]" with a court "view[ing] the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party[.]" *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (internal quotation marks and citations omitted). A court "may not grant the motion unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted). Thus, "in deciding a motion for judgment on the pleadings, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon those documents." *Id.* (internal quotation marks and citation omitted).

    **B.**    **Pro Se Pleadings**

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

**III.**    **Discussion**

The Court finds that the DHS is immune from Sherle's claims because it is entitled to Eleventh Amendment sovereign immunity in this case.

"State governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment." *Betts v. New Castle Youth Dev. Ctr.*, 621 F. 3d 249, 253 (3d Cir.

2010). This immunity extends to "'suits by in-state plaintiffs, thus barring all suits against non-consenting States in federal court.'" *Id.* (quoting *Lombardo v. Pennsylvania Dep't of Public Welfare*, 540 F.3d 190, 194 (3d Cir. 2008)).

With respect to the DHS, it is "entitled to assert Pennsylvania's Eleventh Amendment immunity[,]" *Anthony v. Torrance State Hosp.*, No. 3:16-CV-29, 2016 WL 4581350, at *2 (W.D. Pa. Sept. 1, 2016), because "it is an administrative agency without existence apart from the Commonwealth." *Betts*, 621 F.3d at 254–55.[1]

Further, although Eleventh Amendment immunity is subject to three exceptions, none of those exceptions apply in this case. The three exceptions are: "1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *MCI Telecomm. Corp. v. Bell Atlantic Pennsylvania*, 271 F.3d 491, 503 (3d

---

[1] In *Betts*, the Third Circuit explained that "Pennsylvania and federal law establish that the [Department of Public Welfare] is entitled to Eleventh Amendment immunity because it is an administrative agency without existence apart from the Commonwealth." 621 F.3d at 254–55. In support of this conclusion, the Third Circuit cited 71 PA. STAT. § 61. *Id.* At the time of the Third Circuit's decision, that statute referenced the "Department of Public Welfare[.]" 71 PA. STAT. § 61. However, as of the date of this Memorandum Opinion and Order, the title "Department of Public Welfare" has been replaced with "Department of Human Services," and the statute now provides the following: "The executive and administrative work of this Commonwealth shall be performed by the … Department of Human Services[.]" 71 PA. STAT. § 61(a).

In short, because the Department of Human Services is the new title for the Department of Public Welfare, *Dep't of Human Services v. U.S. Dep't of Human Services*, 349 F. Supp. 3d 431, 435 (M.D. Pa. 2018), and because the Department of Human Services is "an administrative agency without existence apart from the Commonwealth[,]" Third Circuit precedent clearly dictates that the DHS is entitled to assert Eleventh Amendment immunity in this case.

Finally, the Court notes that in Sherle's Complaint, he states that the specific entity within the DHS that he is suing is the Bureau of Children and Family Services. (ECF No. 1 at 2). Because the Bureau of Children and Family Services is run by the DHS, it is likewise entitled to Eleventh Amendment immunity in this case. *Anthony v. Torrance State Hospital*, No. 3:16-CV-29, 2016 WL 4581350, at *2 (W.D. Pa. Sept. 1, 2016) (holding that an entity that was operated by the Department of Human Services was entitled to assert Eleventh Amendment sovereign immunity with respect to plaintiff's Section 1983 claim).

Cir. 2001). With respect to the first exception, "Congress did not abrogate the Eleventh Amendment when it passed § 1983." *Machon v. Pennsylvania Dep't of Public Welfare*, 847 F. Supp. 2d 734, 743–44 (E.D. Pa. 2012) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). With respect to the second exception, "Pennsylvania has not waived its immunity to suit." *Id.* at 743. (citing 42 Pa. Cons. Stat. § 8521(b)). Finally, with respect to the third exception, the DHS is not an individual state officer, *id.* at 744, and Sherle has not alleged an ongoing violation of federal law. (ECF No. 1).

Therefore, the DHS is entitled to Eleventh Amendment immunity in this case, and the Court will dismiss Sherle's claims against the DHS.

## IV.   Conclusion

For the reasons set forth above, the Court will grant the DHS' Motion for Judgment on the Pleadings. (ECF No. 7). Further, in light of the well-settled law above, the Court finds that amendment would be futile, and the Court will dismiss Sherle's claims against the DHS with prejudice. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (noting, in the context of reviewing the district court's decision to grant a motion for judgment on the pleadings, that "leave to amend shall be freely given, in the absence of such circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment.").

Finally, the Court notes that it is making no findings with respect to Sherle's claims against Cherry at this time.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD A. SHERLE, | ) | Case No. 3:21-cv-140 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES, and KIP CHERRY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 6th day of December, 2022, upon consideration of Defendant Pennsylvania Department of Human Services' "Motion for Judgment on the Pleadings[,]" (ECF No. 7), and for the reasons set forth in the Memorandum Opinion accompanying this order, it is **HEREBY ORDERED** that Defendant's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Todd A. Sherle's claims against Defendant Pennsylvania Department of Human Services are **DISMISSED WITH PREJUDICE**. The clerk shall terminate Defendant Pennsylvania Department of Human Services from this action.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE